```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


JOHN MUCCI, PRO SE,              )
     Plaintiff,                  ) CIVIL ACTION NO.
                                 ) 04-12726-DPW
     v.                          )
                                 )
MARIANNE SMITH, M.D.,            )
UMASS MEDICAL,                   )
     Defendant.                  )
```

### MEMORANDUM AND ORDER
June 13, 2005

The defendant in this <u>pro se</u> civil rights action filed a fully-supported motion for summary judgment on May 9, 2005. The plaintiff has filed no opposition. However, by letters docketed May 23, 2005 and May 31, 2005, the plaintiff wrote to the court stating that he could not afford the court costs to go forward. He seeks a refund of his partial payment of fees.

The plaintiff appears to be seeking to vacate the assessment of the filing fee in this action pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") under which, upon his motion, he was permitted to proceed without full prepayment. However, once a plaintiff commences a PLRA action, the court may not waive a filing fee and permit abandonment of the litigation without cost. In this Memorandum, I will explain why the plaintiff remains obligated for the filing fee in its entirety and why, upon review of the unopposed motion for summary judgment, I will allow that motion.

I.

The PLRA -- which is codified, <u>inter alia</u>, in 28 U.S.C. § 1915, a provision regarding proceeding <u>in forma pauperis</u> specifically referenced in the Application to Proceed Without Prepayment of Fees signed as an Affidavit by the plaintiff -- has "change[d] the meaning of <u>in forma pauperis</u>" for prisoners. <u>Wooten v. District of Columbia Metro. Police Dept.</u>, 129 F.3d 206, 207 (D.C. Cir. 1997). Pursuant to the PLRA, the only issue for a court presented with a prisoner complaint is whether the filing fee must be paid "up-front," or whether the fee may be paid in installments through the inmate's prison account. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 604 (6th Cir. 1997). "Even a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed." <u>Id.</u> at 607; <u>see also</u> <u>In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997); <u>Jackson v. N.P. Dodge Realty Co.</u>, 173 F. Supp. 2d 951, 952 (D. Neb. 2001).

The purpose of the PLRA -- to discourage prisoners from filing frivolous actions, <u>Wooten</u>, 129 F.3d at 207 -- would be undermined if a court were to order the return of the filing fee in the type of situation presented here, because it would allow a prisoner, unlike other litigants, to "test the waters" regarding the merits of any case without the adverse financial consequences associated with the filing fee. The plaintiff has engaged the resources of the court by filing the case and he has engaged the

resources of the defendant in preparing a fully-supported motion to dismiss.  A filing fee -- which represents only a modest portion of the court's cost of deploying its resources -- is a means to insure that resources are not consumed thoughtlessly.  There is no basis to relieve any plaintiff of the consequences of an improvident filing because upon reflection, after reviewing the defendant's response, he decides he would like to use the monies which will be applied to his filing fee in some other manner.

Accordingly, I conclude that the plaintiff's obligation to pay the filing fee attached at the time of his filing the complaint in this Court.  I decline to permit the plaintiff to avoid the payment of the full filing fee pursuant to the directives of the PLRA.

## II.

In his complaint, the plaintiff seeks damages and a declaratory judgment with respect to the choice of the defendant, a psychiatrist at the Souza-Baranowski Correctional Center, to withdraw him from Ritalin in the wake of a concern about the misuse and diversion of Ritalin within the prison facility.  I find no due process violation.  Moreover, I find here no deliberate indifference to the plaintiff's medical needs.  Rather, it appears that the defendant exercised her medical judgment to address circumstances under which the plaintiff would not respond to the proper use of Ritalin.  That this judgment paralleled the need to avoid misuse of Ritalin in the institution

does not detract from the central medical judgment involved. The record demonstrates an effort on the part of the defendant to tailor medical service to the plaintiff's medical needs. Far from shocking the conscience, this effort appears to be an appropriate exercise of medical judgment. Accordingly, the defendant's unopposed motion for summary judgment is hereby ALLOWED.

                                        /s/ Douglas P. Woodlock
                                        _____
                                        DOUGLAS P. WOODLOCK
                                        UNITED STATES DISTRICT JUDGE